The opinion of the court was delivered by
DeBlanc, J.
In March, 1878, Raphael Hebert, acting as the administrator of the succession of Frangois Bonnemaison, filed — in the Fifth District Court of the State — an action against Emile M. Lefevre, the third possessor of a tract of land alléged to be subject to a judicial mortgage, which resulted from the recording of a judgment obtained by and belonging to said succession.
The object of plaintiff’s action is to compel Lefevre to give up the tract of land referred to, or pay the amount for which it is averred it stands hypothecated.
Lefevre first excepted to, and then answered plaintiff’s demand. On his application, Mrs. Latham — a resident of the State of Yirginia — from whom he acquired the land sought to be subjected to the mortgage— was called in warranty. She appeared, and — on two grounds — asked and obtained, from the State court, an order removing the oause to the Circuit Court of the United States. Those grounds are:
1. That the real controversy, in this suit, is between her — a resident of the State of Yirginia — and the succession of Bonnemaison» opened in Louisiana.
2. That this case arises under, and involves the construction of a law of the United States.
Mrs. Latham’s application is — partly—based on the section of the act of Congress of the 2d of March, 1875, which provides “ that, when in any suit mentioned in this section, there shall be a controversy, which is wholly between citizens of different States, and which can be fully determined as between them, then either one or more of the plaintiffs or defendants, actually interested in such controversy, may remove said suit to the Circuit Court of the United States for the proper district.”
Mrs. Latham’s counsel contend that, as to its merits — this controversy can be loholly determined between her — as a warrantor — and the succession of Bonnemaison, the alleged mortgagee.
The 68th article of the Code of Practice provides that, “if the hypothecated property be neither in the possession of the. debtor nor of his heirs, but in that of a third person, the creditor has his action against that person, in order to compel him either to give up the property, or pay the amount for which it stands hypothecated.”
A call in warranty is a demand incidental to the suit, and must be determined with it. “ If the defondant be cast in the action, the court— *365 when it gives judgment against such defendant, must — at the same time —render a j udgment in favor of the defendant against his warrantor.” The law so provides.
O. P. 362, 363, 385.
It is, then, a mistake to say that, in this suit, Mrs. Latham is the only real defendant. The pretended mortgagee has no action against her to compel her to surrender the property or pay the amount of the mortgage claim. The suit itself is between the succession of Bonnemaison and the third possessor — -the incidental demand between the third possessor, a resident, and his vendor, a. non-resident of the State. If plaintiff’s action be maintained, two judgments must be rendered— one, the first, against Lefevre, acknowledging the existence of plaintiff’s mortgage, and ordering its enforcement; the other, in favor of Lefevre and against the warrantor. No decree enforcing the promised warranty can precede that by the execution of which a purchaser is to be evicted ; and in such a suit as we now have under discussion, the purchaser is always the principal, and never a nominal defendant. Without a notice to, or proceeding against the third possessor, there can be no hypothecary action. He is not merely a necessary party to such a proceeding, he is an indispensable one.
Ante p.
It is manifest that this suit is not wholly between citizens of different States, and that, not only it cannot be fully determined, but — still more — it cannot be determined at all, between exclusively the plaintiff— a succession opened in this State, and the warrantor, a citizen of the State of Virginia.
Considering the nature of the pleadings, the time at, and the manner in which the judgment or judgments is or are to be rendered, this controversy cannot be divided, partly retained and partly tried in one jurisdiction, partly transferred and partly tried in another. The incidental demand and the main action have — by the parties’ course — been irrevocably linked to one another, and the former cannot drag the latter from the State to the Federal jurisdiction — but they can together, and under a proper application, be removed to that jurisdiction.
Does this case arise under the constitution or a law of the United States ?
If it does, were the applications to remove it made — as required by the congressional statute — at the term of the State court at which it could first have been tried, and before the trial thereof ?
I.
According to the averments of the petitions for the removal, what are the facts ?
The land on which plaintiff seeks to enforce the judicial mortgage *366 which secured the claim due to the succession of Bonnemaison, was surrendered by Daniel Hicky to his creditors, sold free from incumbrances, under a decree of the district court of the United States, sitting in bankruptcy, and — at that sale — purchased by Mrs. Latham, a creditor of. Hicky ; and that — subsequently—by another decree of said court — her privilege and lien were recognized as the first recorded against the property thus purchased by her, its price applied to their satisfaction, and all the other incumbrances bearing on said property ordered to be erased and cancelled. A personal notice of the proceedings which resulted in the decrees referred to, was — it is alleged — served on the administrator of the succession of Bonnemaison.
The right of the Federal court to inquire into and ascertain the validity, extent and rank of mortgages and other securities, and — on application of the assignee — to order incumbered property to be sold free from incumbrances — the liens being transferred to the fund in court— is a right which — now—cannot be successfully disputed, and which — in argument — was conceded by plaintiff.
Bump’s Law and Practice of Bankruptcy, 9th edition, p. p. 174, 618. 3d How. 292.
This case — then—does arise under a law of the United States, and the rights set up by Lefevre and Mrs. Latham may be defeated by one construction of that law, ,or sustained by the opposite construction.
II.
This suit was filed in the State court on the 18th of March 1878, the call in warranty on the 15th of April, and the warrantor cited, through her agent, on the 27th of said month. That agent resides at one hundred and twenty miles of the court house from which the citation issued, and the warrantor being entitled to the same delays as the defendant, this cause could not have been tried at the April term of the State court.
C. P. 380, 381, 382, 383, 384, 385.
“ The word term as here used means — according to the construction which it has received in the eighth judicial circuit — the term at which, under the legislation of the State and the rules of practice pursuant thereto, the cause is first triable, i. e. subject to be tried on its merits, not necessarily the term when, owing to press of business or arrearages, it fnay be first reached, in its order, for actual trial. * * * It was— said Mr. Dillon — the obvious purpose of Congress, by the use of the words “before or at the term at which the cause could be fii'st tried, to require the election to be taken at the first term at which — under the law — the cause was triable on its merits.”
Southern Law Review, July 1876, p. 311, 312.
After the call in warranty, the term at which the present case could *367 have first been tried on its merits, was the December term, and it was then that the warrantor and third possessor applied for and obtained its transfer.
The application was made within the delay prescribed by the act of Congress, and the nature of the subject matter of the controversy authorized the removal.
It is — therefore—ordered, adjudged and decreed that the judgment appealed from is affirmed with costs.